ensuring compliance with parole-release requirements, I find that the more restrained and appropriate balance is to decline to award suppression in parole-revocation proceedings in the absence of a judicial determination that law enforcement or supervising officials acted with an improper motive. *See, e.g., Logan v. Commonwealth,* 279 Va. 288, 688 S.E.2d 275, 278–79 (2010) (implementing such an approach, while defining "bad faith" as directed to scenarios in which "the search was motivated by bias, personal animus, a desire to harass, a conscious intent to circumvent the law, or a similar improper motive").

Finally, I would also suggest that such an approach would have a greater potential for sustainability relative to a balancing assessment concerning which reasonable minds will always differ. *Accord Henderson,* 616 Pa. at 290, 47 A.3d at 805 (positing that "the 'twin aims' of Article I, Section 8—namely, the safeguarding of privacy and enforcement of the probable-cause requirement—may be vindicated best, and most stably, by taking a more conservative approach to the departure this Court has taken from the established Fourth Amendment jurisprudence").

151 A.3d 608

**John SIMMONS, Appellant**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Appellee**

**No. 13 EAP 2016**

Supreme Court of Pennsylvania.

January 19, 2017

John Simmons, Pro Se.

Alan Matthew Robinson, John Jason Talaber, Pennsylvania Board of Probation & Parole, Harrisburg, for Pennsylvania Board of Probation and Parole, Appellee.

## ORDER

PER CURIAM

**AND NOW,** this 19th day of January, 2017, Appellant's petition for leave to file post-submission communications is **DENIED,** and the order of the Commonwealth Court is hereby **AFFIRMED.**

151 A.3d 1003

**Frank ZAMPOGNA, Appellee**

v.

**LAW ENFORCEMENT HEALTH BENEFITS, INC., Appellant**

**No. 40 EAP 2014**

Supreme Court of Pennsylvania.

ARGUED: March 10, 2015

REARGUED: March 8, 2016

RESUBMITTED: October 20, 2016

DECIDED: November 22, 2016